# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY RICHARDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| ENHANCED RECOVERY | ) **COMPLAINT AND DEMAND FOR** |
| COMPANY, LLC, | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

KIMBERLY RICHARDSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3.    Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19139.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant is a national debt collection company with its corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11.    The alleged debt, a Wells Fargo personal banking account overdraft fee, arose out of transactions, which were primarily for personal, family, or household purposes.

12.    Beginning in January 2013, and continuing through August 2013, Defendant contacted Plaintiff on her home telephone on a continuous and repetitive basis in its attempts to collect the alleged debt.

13.    During the relevant period, Defendant called Plaintiff almost every day, sometimes calling two (2) times a day and at other times more than four (4) times a day, in its attempt to collect this debt.

14.    In those instances where Plaintiff answered its calls, she informed Defendant's collectors, including an individual that identified himself as "James Dixon," that she would deal with Wells Fargo about this alleged debt.

15.    Also, Plaintiff instructed Defendant to stop calling her.

16.    However, Defendant did not give Plaintiff an opportunity to try to resolve this matter with Wells Fargo; instead, it continued to contact her.

17.    Upon information and belief, Defendant called on a repetitive and continuous basis with the intent of harassing Plaintiff regarding a debt.

18.    Further, in its attempts to collect the alleged debt, Defendant would call Plaintiff at times when it was inconvenient for her to receive collection calls.

19.     Specifically, Defendant would contact Plaintiff before 8:00 a.m., calling her home telephone on more than one occasion at 7:45 a.m.

20.     In those instances, Plaintiff would answer the calls and instruct Defendant not to call her so early in the morning; however, Defendant failed to update its records to stop calling Plaintiff before 8:00 a.m., as the telephone calls to Plaintiff's home telephone at 7:45 a.m. continued.

21.     Additionally, in its attempts to collect a debt, Defendant demanded Plaintiff's social security number and threatened to garnish her wages.

22.     At the time Defendant threatened to garnish Plaintiff's wages, there was not a judgment against Plaintiff for the unpaid bank overdraft fee.

23.     Further, in Pennsylvania, a person's wages cannot be garnished to repay this type of debt.

24.     Therefore, at the time Defendant made its threat to Plaintiff, not only did it not intend to take the action that it threated, but legally it could not take the action it threatened.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

25.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

        a.     A debt collector violates §1692c(a)(1) of the FDCPA by

communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b.    Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 a.m., by calling her at 7:45 a.m. on more than one occasion.

## COUNT II

26.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

a.    A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day and on numerous days a week.

## COUNT III

27.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(4).

a.    A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.    A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c.    Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages when it did not intend to take the action it threatened and legally could not intend to take the action it threatened.

**COUNT IV**

28.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

      a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

      a.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including repeatedly contacting Plaintiff, despite her repeated requests to stop calling her.

WHEREFORE, Plaintiff, KIMBERLY RICHARDSON, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.    Any other relief deemed appropriate by this Honorable Court.

1

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KIMBERLY RICHARDSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 4, 2013     KIMMEL & SILVERMAN, P.C.

By: _____
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com